IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANITA LYNN MANSON, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3663 |
| | § | |
| WALGREEN CO., | § | |
|    Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for More Definite Statement ("Motion") [Doc. # 6] filed by Defendant Walgreen Co. ("Walgreen"), to which Plaintiffs Anita Lynn Manson and Diana Jean Martin filed an Opposition [Doc. # 10]. Walgreen neither filed a reply nor requested additional time to do so. Having reviewed the full record and considered applicable legal authorities, the Court **denies** Walgreen's Motion.

Plaintiffs worked as pharmacists at Walgreen. They allege that they were non-exempt employees under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that their pay was reduced if they worked fewer than forty hours per week, but they were not paid overtime wages for hours they worked in excess of forty hours per week. Walgreen seeks a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure because Plaintiffs do not explain in their Complaint why

they were not covered by the professional exemption to the FLSA's overtime requirement.

A party is entitled to a more definite statement pursuant to Rule 12(e) only when all or part of the pleadings to which a responsive pleading is allowed are "so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e); *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg.*, 2009 WL 1504977, *1 (S.D. Tex. May 28, 2009) (Rosenthal, J.). Motions for more definite statement are generally disfavored and are usually denied if the pleading can be clarified and developed during discovery. *Id.* (citing *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959)).

In this case, Plaintiffs' allegations are not so vague or ambiguous that Defendant cannot be expected to prepare a response. Plaintiffs allege simply and clearly that they were non-exempt employees of the Defendant who were not paid overtime wages as required by the FLSA. Defendant can admit or deny those allegations. The applicability of the professional exemption can be explored through discovery and, if appropriate, Defendant can seek summary judgment on the exemption after discovery on the issue is complete. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for More Definite Statement [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this **10th** day of **January, 2011**.

_____
Nancy F. Atlas
United States District Judge